863 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl S. PROCTOR-BEY, Plaintiff-Appellant,
v.
Herbert GRINAGE; Frank Elo, Defendants-Appellees.
 No. 88-1506.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1988.
 
 Before LIVELY and WELLFORD, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Carl S. Proctor-Bey, a Michigan prisoner, appeals the district court's judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In January 1987, after a formal misconduct hearing, and as the result of a urinalysis, plaintiff was found guilty of substance abuse. Plaintiff, thereafter, asserted the right to a rehearing because of certain officers' refusal to consider questions he had submitted for presentation at the hearing. Subsequently, plaintiff was placed in administrative segregation without a further hearing.
 
 
 3
 Alleging that it was constitutional error for defendants to reclassify him under these circumstances, plaintiff brought suit against two members of the prison's Institutional Classification Committee, claiming a violation of his due process rights. The district court dismissed his complaint.
 
 
 4
 Upon consideration, we affirm the district court's dismissal. Because plaintiff was neither denied good time credits nor placed in disciplinary segregation, we conclude that defendants afforded plaintiff all of the procedural safeguards due one who is placed in administrative segregation. See Hensley v. Wilson, 850 F.2d 269, 283 (6th Cir.1988) (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)); Childs v. Pellegrin, 822 F.2d 1382, 1387-88 (6th Cir.1987).
 
 
 5
 Additionally, we conclude that plaintiff has no due process under the fourteenth amendment under these circumstances. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983); Walker v. Mintzes, 771 F.2d 920, 933-34 (6th Cir.1985).
 
 
 6
 Accordingly, the order of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.